IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-03355 (MCF) |
| | |
| ELLIOTT KENNETH STORER APONTE | CHAPTER 7 |
| Debtor | |
| ELLIOTT KENNETH STORER APONTE | ADVERSARY NO. 11-0097 |
| Plaintiff | |
| v. | |
| THE DIPLOMAT A/K/A THE DIPLOMAT RESIDENTS ASSOCIATOIN, JOHN DOE, RICHARD ROE, "A" CORPORATION, "ABC" CORPORATION | |
| Defendant(s) | |

**OPINION AND ORDER**

Before the Court are co-Defendants ACE Insurance Company's ("ACE") and Consuelo Revuelta Insurance Brokers' ("Consuelo Revuelta") motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Docket Nos. 95, 99), made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff sued Defendants, The Diplomat Residents Association ("The Diplomat"), ABC Insurance Corporation, and John Doe and Richard Roe, alleging a willful violation of the automatic stay order, pursuant to 11 U.S.C. § 362. Plaintiff requests $50,000 in damages, pursuant to 11 U.S.C. § 362(k)(1) or 11 U.S.C. § 105.

The complaint alleges that on April 20, 2010, at 2:25 p.m., Plaintiff filed a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the District of Puerto Rico.

-1-

At the time of filing his bankruptcy petition, Plaintiff owed maintenance fees to The Diplomat, which were duly listed in Schedule "A" of the petition. (Docket No. 1 at 5, ¶¶ 12-13). Several hours before filing the petition, The Diplomat shut down the electricity to Plaintiff's property in order to collect the maintenance fees debt. (Docket No. 1 at 5, ¶ 13).

Approximately two hours after filing the petition, Plaintiff allegedly called Mr. Emilio Carrillo, "president and/or administrator and/or officer" of The Diplomat, to inform him that the maintenance fee debt was included in the bankruptcy petition and would be paid in the Chapter 13 payment plan. (Docket No. 1 at 5, ¶ 17). Mr. Carillo then stated that Plaintiff's electricity would be reconnected "first thing in the morning." (Docket No. 1 at 5-6, ¶ 18). However, Plaintiff instead received an email from Mr. Roberto Cruz, allegedly "an officer and/or administrator and/or president" of The Diplomat, who copied Lcdo. Ivan Ramos and Mr. Carillo, informing Plaintiff that The Diplomat was not obliged to reconnect the electricity without proof that it was included as a creditor in the bankruptcy petition. (Docket No. 1 at 6, ¶ 19). Mr. Cruz also stated that further communication with Plaintiff would be suspended until after Holy Week, resuming Monday, April 25, 2011. (Docket No. 1 at 6, ¶ 19). Plaintiff alleges that such conduct violated the automatic stay.

Plaintiff served the Summons and Complaint on ACE and Consuelo Revuelta, although the relationship between Plaintiff and these two insurance entities is unclear in the Complaint. ACE and Consuelo Revuelta each filed a motion to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). (Docket Nos. 95, 99).

ACE argues: (1) that the complaint does not name ACE as a party, and (2) does not state any claim against ACE upon which a remedy may be granted. (Docket No. 95 at 4).

Consuelo Revuelta argues: (1) that it is not named or mentioned in the Complaint, (2) that the Complaint does not specifically address any allegations against Consuelo Revuelta, and (3) states that it is not an insurance company.

Plaintiff replied to both motions stating that the co-Defendants failed to notify Plaintiff of the motions to dismiss and failed to file Certificates of Service. Co-Defendants were ordered

to notify Plaintiff and file Certificates of Service, and they timely complied. (Docket Nos. 107-08). Plaintiff was granted fourteen days from notice of the motion to dismiss to file a response. (Docket Nos. 105-06). The deadline expired July 8, 2014, without a response from Plaintiff.

## II.    JURISDICTION

The Court has jurisdiction to hear this case, pursuant to 28 U.S.C. §§ 1334 and 157(a), and the general order of the United States District Court dated July 19, 1984, which refers title 11 proceedings to the Bankruptcy Court (Torruellas, C.J.). This is a core proceeding, pursuant to 28 U.S.C. § 157(b).

## III.    DISCUSSION

Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in a civil proceeding, Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008, this Court follows the heightened plausibility standard established by the United States Supreme Court. A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). While this Court should "accept as true all well-pleaded facts alleged in [a] complaint and draw all reasonable inferences therefrom in the pleader's favor," Elsevier, 732 F.3d at 80 (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)),  the complaint still must contain "enough facts to state a claim to relief that is plausible on its face. Elsevier, 732 F.3d at 80 (quoting Twombly, 500 U.S. at 570).

Plaintiff alleges that after he filed Chapter 13 petition, The Diplomat violated the automatic stay pursuant to section 362 of the Bankruptcy Code by shutting off the electricity of Plaintiff's real estate property located at The Diplomat Condominium. Plaintiff further alleges that either ACE or Consuelo Revuelta is the insurance company that issued an insurance policy to The Diplomat, although neither is named as a party in the complaint. If ACE is indeed the insurance company that issued an insurance policy that covers the action in this adversary

proceeding, then Plaintiff has likely met the plausibility standard to state a claim upon which relief can be granted to defeat ACE's 12(b)(6) motion to dismiss.

When a debtor petitions for bankruptcy, section 362 of the Bankruptcy Code operates as a stay of:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

With some exceptions under section 362(b), the purpose of the automatic stay is to provide the debtor "with a 'breathing spell' from creditors" and to stop "all collection efforts, all harassment, and all foreclosure actions upon filing for bankruptcy." Hiraldo v. Banco Popular de P.R., 471 B.R. 676, 681 (Bankr. D.P.R. 2012) (citing H.R. Rep. No. 95-595, at 340-42 (1977); S. Rep. No. 95-989, at 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97).

The collection of maintenance fees does not fall within any of the exceptions to the automatic stay. 11 U.S.C. § 362(b). Section 362(a)(1) governs in this case because The Diplomat allegedly failed to reconnect the electricity after being informed of Plaintiff's bankruptcy petition and the automatic stay order. (Docket No. 1 at 6, ¶ 19).

ACE, the insurance company that allegedly issued an insurance policy to The Diplomat, filed a 12(b)(6) motion to dismiss the complaint. The motion argues that ACE was not named as a party in the complaint, and that Plaintiff failed to state a claim upon which relief may be granted. (Docket No. 95 at 4). Two issues therefore require further analysis: (1) whether the use of "John Doe" defendants is permissible in pleadings, and (2) whether Plaintiff sufficiently stated a plausible claim upon which relief may be granted to defeat a 12(b)(6) motion to dismiss. While the use of "John Doe" defendants in pleadings is generally disfavored, courts permit plaintiffs to amend their complaints accordingly after discovering the appropriate party.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Furthermore, to sufficiently state a claim upon which relief may be granted, Plaintiff must not only amend the complaint appropriately by naming ACE as a party, but ACE must also be the insurance company that issued the insurance policy that covers this action.

Rule 10 of the Federal Rules of Civil Procedure regulates the form of pleadings allowed and listed in Rule 7, the first of which is the complaint. Fed. R. Civ. P. 7(a), 10; Fed. R. Bankr. P. 7007, 7010. Rule 10(a) in particular states that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Although the use of "John Doe" to identify a defendant is generally not favored, Gillespie, 629 F.2d at 642 (citing Wiltsie v. California Dep't of Corr., 406 F.2d 515, 518 (9th Cir. 1968)), the Federal Rules of Civil Procedure "make no mention of mechanisms for pleading against unnamed parties [using] the legal fiction of John Doe or Jane Roe." Kemper Ins. Cos. v. Fed. Express Corp., 115 F. Supp. 2d 116, 124 (D. Mass. 2000). Thus, this practice "has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identity may be learned through the discovery process." Id. at 124-25 (citing Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)). The plaintiff may then amend the complaint accordingly pursuant to Rule 15, made applicable here by Rule 7015 by the Federal Rules of Bankruptcy Procedure.

When the statute of limitations on a certain claim is about to run, and the defendants have yet to be identified, a plaintiff's only recourse would be filing a complaint against "John Doe" defendants. See Martinez-Rivera v. Ramos, 498 F.3d 3, 7-8 (1st Cir. 2007) (noting that, in the case's early stage, the plaintiffs could not yet identify the police officer who shot an "unarmed and harmless" civilian). In Martinez-Rivera, the court held that, as a general matter, the use of fictitious parties is permissible in a complaint when discovery will likely provide that information. Id. at 8. The plaintiff could then "request further leave to amend if appropriate." Id.

In this case, ACE is not named in the complaint in accordance with Rule 10(a). Plaintiff named "ABC Insurance Corporation" in the complaint as a fictitious insurance company that issued the insurance policy to The Diplomat, and has not amended the complaint accordingly

after serving notice on ACE. However, not only is there no relevant statute of limitations to this action, Plaintiff had recourse to amend the complaint as a matter of course under Rule 15(a)(1)(B) (twenty-one days after service of a motion under Rule 12(b)), or with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). ACE served Plaintiff its motion to dismiss on June 24, 2014. Under Rule 15(a)(1)(B), Plaintiff had until July 15, 2014 (twenty-one days) to amend the complaint as a matter of course. Plaintiff's ability to amend the complaint as a matter of course expired twenty-one days ago. Thus, Plaintiff has only one option at this stage: Plaintiff may amend the complaint with the opposing party's consent or with the court's leave under Rule 15(a)(2).

Therefore, ACE's first argument, that it is not named in the complaint, is premature. Plaintiff still may amend the complaint with the Court's leave under Rule 15(a)(2). However, supposing preemptively that the complaint will be cured of that defect, this Court can then address the plausibility issue in Plaintiff's claim against ACE: whether Plaintiff sufficiently stated a claim upon which relief may be granted.

In resolving a Rule 12(b)(6) motion to dismiss, the United States Court of Appeals for the First Circuit "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Elsevier, 732 F.3d at 80 (quoting Santiago, 655 F.3d at 72). A dismissal under Rule 12(b)(6) is inappropriate unless the complaint lacks enough facts to "state a claim to relief that is plausible on its face." Elsevier, 732 F.3d at 80 (quoting Twombly, 550 U.S. at 570).

To provide further guidance in determining a claim's plausibility under the Twombly and Iqbal standard, the United States Court of Appeals for the First Circuit "established a two-step standard" for Rule 12(b)(6) motions: "Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief." Velez-Arcay v. Banco Santander de P.R., 499 B.R. 225, 231 (Bankr. D.P.R. 2013) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)) (holding that a

complaint alleging that a creditor violated an automatic stay in a bankruptcy case plausibly stated a claim for relief).

In this case, Plaintiff alleged that The Diplomat violated the automatic stay pursuant to section 362 of the Bankruptcy Code by shutting off the electricity in Plaintiff's condominium, and later refused to reconnect it after Plaintiff informed The Diplomat of the automatic stay order. (Docket No. 1 at 5-6, ¶¶ 13-19). Plaintiff served the Complaint on ACE as the insurance company that issued the policy held by The Diplomat, (Docket No. 86), although ACE is not named as a party in the complaint. ACE has yet to claim that its policy does not cover the present action against The Diplomat for violating the automatic stay. If The Diplomat did indeed purchase an insurance policy from ACE that covers this action, then Plaintiff has sufficiently stated a claim upon which relief may be granted based on the facts presented in the Complaint.

Similarly, Consuelo Revuelta is not named in the complaint. However, even if Plaintiff amends the complaint accordingly, Plaintiff cannot assert a plausible allegation against Consuelo Revuelta because the complaint lacks enough facts to "state a claim to relief that is *plausible on its face*." Elsevier, 732 F.3d at 80 (quoting Twombly, 550 U.S. at 570) (emphasis added). Even if "accept[ing] as true all well-pleaded facts alleged in the complaint and draw[ing] all reasonable inferences therefrom in the pleader's favor," Elsevier, 732 F.3d at 80 (quoting Santiago, 655 F.3d at 72), there is no facially plausible claim to relief against Consuelo Revuelta because it is not an insurance company, but instead is an insurance broker. Hence, it cannot be held liable for the present action under an insurance policy that Consuelo Revuelta neither issued nor currently holds. Therefore, Consuelo Revuelta's motion to dismiss under Rule 12(b)(6) is granted.

**ORDER**

Both of ACE's arguments in its Rule 12(b)(6) motion to dismiss are premature at this stage because: (1) Plaintiff still has recourse to name ACE as a party to the complaint by

amendment under Rule 15; and (2) ACE has yet to demonstrate that Plaintiff failed to state a claim upon which relief may be granted unless it can show that the insurance policy issued to The Diplomat does not cover the present action. ACE's motion to dismiss is held in abeyance. Plaintiff is hereby ordered within 14 days to amend the Complaint accordingly. Failure to do so shall result in the granting of ACE's motion to dismiss.

Plaintiff failed to meet the plausibility standard in his allegations against Consuelo Revuelta, and therefore its motion to dismiss is granted.

SO ORDERED.

In San Juan, Puerto Rico, this fifth day of August, 2014.

*Mildred Caban*

Mildred Caban Flores
U.S. Bankruptcy Judge